[Civil No. 942.   Filed March 30, 1906.]

[85 Pac. 729.]

EMPIRE SMELTING COMPANY, a Corporation, Defendant and Appellant, v. GARDINER, WORTHEN & GOSS COMPANY, a Corporation, Plaintiff and Appellee.

1. EVIDENCE — BEST — CORPORATE OFFICERS — NOT NECESSARY TO BE SHOWN BY CORPORATE RECORDS.—Where a witness testified that he was the treasurer and manager of a company at a certain time, such evidence was not objectionable upon the ground that such fact could be proved only by the records of the corporation.

2. APPEAL AND ERROR—EVIDENCE—SUFFICIENCY—WILL NOT BE INQUIRED INTO WHEN ALL EVIDENCE IS NOT IN RECORD.—Upon appeal the question of the sufficiency of the evidence to sustain the findings and judgment will not be inquired into, where the record does not contain all of the evidence.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Frank M. Stone, and Pickett & Bowman, for Appellant.

Hereford & Hazzard, for Appellee.

SLOAN, J.—In the district court of Cochise County the appellee, the Gardiner, Worthen & Goss Company, recovered judgment against appellant, the Empire Smelting Company, upon a merchandise account in the sum of $4,094.75. The Empire Smelting Company moved the court for a new trial, which was denied, and from this ruling and from the judgment has appealed.

The case was tried to the court without the aid of a jury. The appellee, to sustain its complaint, introduced the deposition of one Peter Kirk. In this deposition the witness stated, in answer to an interrogatory, that he was the treasurer and manager of the appellant company during the time covered by the account sued upon. Counsel for the appellant moved to strike out the answer for the reason that the fact as to who may have filled the office of treasurer and manager of the corporation could be proven only by the records of the corporation. The motion was denied, and this ruling is made the basis of one of the assignments of error discussed by counsel for appellant in their brief. There is no merit in the contention of appellant, and the trial court did not err in denying the motion.

The remaining assignments of error which are discussed by counsel for appellant relate to the sufficiency of the evidence to sustain the findings and judgment of the court. There is no statement of facts or transcript of the evidence in the record. There is a bill of exceptions which purports to contain but a portion of the evidence introduced at the trial. This bill of exceptions distinctly states that other evidence, both oral and documentary, than that set forth therein was introduced by the plaintiff. The nature of the omitted evidence is not set forth. We may not, therefore, review the evidence under the assignments of error for the very obvious reason that the findings of the court may have been based in whole or in part upon the evidence omitted from the record.

The judgment is therefore affirmed.

KENT, C. J., CAMPBELL, J., and NAVE, J., concur.